Fuld, J.
This article 78 proceeding, brought by the petitioner Max Gross to compel the New York City Alcoholic Beverage Control Board to receive his application for a restaurant liquor license, poses for decision the validity of rule 45 promulgated by the State Liquor Authority.
The petitioner, owning and operating a restaurant in New York City, was licensed some years ago by the Authority to sell beer and cider at retail on the premises. In June of 1959, finding that there was an ever-increasing demand by his patrons for liquor and wine, Gross submitted to the local New York City Board, in accordance with the provisions of the statute (Alcoholic Beverage Control Law, § 64), an application for “ a change of class of [his] license, from beer and cider only, to liquor, wine, beer and cider ” for on-premises consumption.
The board refused to accept Gross ’ application on the ground that he had failed to obtain the permission of the Liquor Auih'-r *537 ity to file an application, the permission being in the form of a waiver as required by the Authority’s rule 45.[1] The board’s action was sustained by Special Term, which granted a motion to dismiss Gross’ petition to compel acceptance of his application, but the Appellate Division reversed, denied the motion and granted leave to appeal to this court on certified questions.
Although on its face rule 45 seems designed simply to limit the number of on-premises licenses, its actual thrust is to erect a new and unauthorized procedure for the granting of these licenses. (See Matter of Kaplan v. Rohan, 8 A D 2d 270, 273, appeal dismissed on ground appellants not aggrieved 7 N Y 2d 884.) This contradiction between appearance and reality is made manifest by a close reading of the operative paragraphs of the rule, especially this sentence: “ the number of annual restaurant liquor or wine licenses, hotel liquor or wine licenses and eating place beer licenses shall be limited to the number in effect throughout the state after all applications for such licenses filed prior to February 1st, 1959 or filed as the result of the next succeeding paragraph have been acted, upon ”. Since the next succeeding paragraph provides that “ any person may be granted a waiver of the foregoing limitation ” if he meets the conditions prescribed by the Authority, it is clear that what appears to be an absolute limitation on licenses, pursuant to subdivision 2 of section 17, is actually an unauthorized change in the statutory procedure for granting licenses under sections 55, 64 and 121. Thus, in effect, rule 45 repeals and amends *538 express provisions of the Alcoholic Beverage Control Law without the sanction of law.
Section 64 declares that ‘‘ Any person may make an application to the appropriate board for a license to sell liquor at retail to be consumed upon the premises where sold ” and goes on to provide that the procedure to be followed shall, so far as applicable, be that set forth in section 54. Section 55 is identical with section 64 except that it relates to beer instead of liquor and, like section 64, it too incorporates the provisions of section 54 insofar as the controlling procedure is concerned. It is to be noted that, in contradistinction to rule 45, both section 64 and section 55 provide that[1] ‘ Any person may make an application ”. It should also be noted that neither section 54, 55 or 64 nor any other section of the statute makes any mention of the waiver procedure incorporated into rule 45, or any waiver procedure, as an alternative to those specific and detailed procedures which the Legislature saw fit to establish in section 54.
The change which rule 45 seeks to impose on the statutory scheme by requiring a pre-application waiver is no mere matter of detail; it goes to the very heart of the procedure prescribed by the Legislature in the Alcoholic Beverage Control Law. In outline, the statutory procedure found in sections 54 and 121 provides for an application, approval or disapproval by the local board, review by the Authority and review of the Authority’s action by the courts. At various stages of this procedure, written statements of disapproval are required and there is also provided a hearing by the Authority under stated circumstances. For this elaborately detailed legislative plan of application and review, the Authority in rule 45 would substitute the simple alternative of forbidding local boards to accept and act upon applications except when the Authority issues a waiver after a written application.
Since section 121 of the Law only provides for review in cases where the Authority has either denied, issued or revoked a license, one important effect of rule 45 is to deny judicial review in the case of a person who is prevented from obtaining a license by being refused a waiver. As the unanimous Appellate Division for the Third Department expressed it in the very recent case of Matter of Kaplan v. Rohan (8 A D 2d 270, 273, supra), in consequence of rule 45, ‘ ‘ unsuccessful applicants are * * * denied access to the courts for purposes of review ”.
*539 The rule also avoids other of the procedural safeguards which the Legislature thought important enough to set up when it enacted section 54. Thus, an unsuccessful applicant is, by reason of rule 45, denied a license without a written statement of the grounds of denial, without a hearing and without either an administrative or judicial review of the denial — despite the fact that each and every one of these important safeguards is expressly provided for by sections 54 and 121 of the Law. This represents a gross administrative usurpation of legislative power.
In view of all this, it may well be asked, how does the Authority seek to justify its action? The opening paragraph of rule 45 recites that it is “ Promulgated * * * pursuant to Sections 2, 17 and 111 of the Alcoholic Beverage Control Law”. Although there are numerous sections of the Law which give the Authority express power to promulgate rules (see, e.g., § 98 [rule 19]; § 99-b [rule 15]; § 100, subd. 6 [rule 14]; § 101-b [rule 16]; § 101-c [rule 31]), it is clear that neither section 2, section 17, section 111 nor any other provision authorizes it to enact so far-reaching a change as rule 45 makes in the application procedure prescribed by the statute. Thus, section 2 simply declares the policy of the Alcoholic Beverage Control Law and section 111 merely provides that there shall be no transfer of licenses unless the Authority in its discretion so decides. However, as indicated, neither of those sections may reasonably or, indeed, conceivably be read to empower the Authority to prescribe a variant procedure for license applications.
The Authority, though, points to that portion of subdivision 2 of section 17 which states that it shall have power to “ limit in its discretion the number of licenses of each class to be issued within the state or any political subdivision thereof, and in connection therewith to prohibit the acceptance of applications for such class or classes of licenses which have been so limited.” This clause does permit the agency to limit the number of applications which may be filed; and, if rule 45 were really a limitation on the number of licenses issued, and not a provision for an alternative method of granting licenses by way of waiver, there is no doubt that it would be valid, and so we held in Matter of Brenner v. O’Connell (308 N. Y. 636) which involved rule 17. *540 As comparison of rule 17 and rule 45 quickly reveals, however, there is at least one great and striking difference between them. While the former provides an absolute limitation on the number of licenses, rule 45, although announced and labeled as such a limitation, actually provides for an alternative method of granting licenses. In other words, although the statute, in subdivision 2 of section 17, authorizes a rule limiting the number of licenses and prohibiting the acceptance of applications beyond such a limit, it does not authorize a procedure for granting licenses which in every respect is contrary to, and at odds with, that expressly provided by the Legislature itself.
Where the Authority promulgates a rule providing for an absolute limitation on the number of licenses, it may prohibit acceptance of applications and permissibly foreclose judicial review of the decisions which it makes. This is the clear meaning of section 17 (subd. 2) and section 121 of the Alcoholic Beverage Control Law. (See Matter of Brenner v. O’Connell, 308 N. Y. 636, 643, concurring opinion, supra.) But where the Authority, in the guise of setting an “absolute limitation”, actually sanctions the grant of an unlimited number of waivers of such a limitation, the limitation is illusory, and we are confronted with an alternative method of issuing licenses. Neither section 17 non any other section of the Law authorizes the Authority to prescribe such an alternative to section 54. And, furthermore, it deprives applicants of substantial rights to review at both the administrative and judicial level.
The Liquor Authority, as the dissenting opinion observes (p. 542), unquestionably possesses “ a large degree of flexibility ” in exercising the discretion vested in it, but such flexibility certainly does not sanction either the announcement of a [1] ‘ policy ’ ’ or the promulgation of a rule by the agency which contravenes explicitly mandated legislative procedures. More specifically, to state the matter briefly, the Authority is without power to adopt a scheme of its own to deal with applications for licenses and employ it as a substitute for that provided by the Legislature. Rule 45 was issued in excess of the grant of statutory authority and must be stricken as invalid.
The order of the Appellate Division should be affirmed, with costs, and the first question certified answered in the affirmative, the second question certified answered in the negative, and the third question certified need not be answered.

. The relevant portion of rule 45 provides:
“ Now, Therefore, Be It Resolved And Ordered, that on and after February 1st, 1959 and pending the completion of the aforesaid survey and study and determination thereon, the number of annual restaurant liquor or wine licenses, hotel liquor or wine licenses and eating place beer licenses shall be limited to the number in effect throughout the state after all applications for such licenses filed prior to February 1st, 1959 or filed as the result of the next succeeding paragraph have been acted upon, and it is further
“ Resolved And Ordered, that during the period February 1st, 1959 through January 31st, 1960, no application for any of the aforesaid licenses (whether by way of an original application or by way of a change in class) shall be accepted by any Local Board or Zone Office of the Liquor Authority except that any person may be granted a waiver of the foregoing limitation provided that he shall establish by proof satisfactory to the State Liquor Authority compliance with * * * [certain specified] conditions ”.