Louis J. Rotunno et al., Respondents, v City of Rochester, Defendant, and New York State Liquor Authority, Appellant.

Fourth Department, November 10, 1986

---

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Peter J. Dooley* and *William J. Kogan* of counsel), for appellant.

*Harris, Beach, Wilcox, Rubin & Levey (Paul J. Yesawich, III,* of counsel), for respondents.

**OPINION OF THE COURT**

DILLON, P. J.

The principal issue presented on this appeal is whether the New York State Liquor Authority (SLA) exceeded its powers in promulgating Official Compilation of Codes, Rules and Regulations of the State of New York, title 9, § 100.1 (c) (9 NYCRR 100.1 [c]). We hold that it did, and that the regulation is unenforceable against these plaintiffs.

Alcoholic Beverage Control Law § 128 was originally enacted in 1934 (L 1934, ch 478). In relevant part, it provides that it shall be unlawful for police officials and police officers "to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages". Section 128 does not define what constitutes a direct or indirect interest, but the obvious purpose of the prohibition is to avoid conflicts of interest with a police officer's duty to enforce the Alcoholic Beverage Control Law, and to preserve public confidence in the police.

In 1977, the Legislature enacted Alcoholic Beverage Control Law § 128-a which was designed to permit off-duty employment of police officers at grocery stores and supermarkets (Governor's mem approving L 1977, ch 911, 1977 McKinney's Session Laws of NY, at 2540). Section 128-a provides as

follows: "Notwithstanding any inconsistent provision of law to the contrary, the authority shall promulgate such rules and regulations as may be necessary to provide that it shall not be unlawful for a police officer employed in this State, having written permission and consent from his commanding officer, to work in a premises licensed to sell beer at retail for off-premises consumption under section fifty-four of this chapter." Pursuant to this statutory directive, the SLA promulgated section 100.1, which provides:

"(a) A police officer employed in this State, having written permission and consent from his commanding officer, may work in a premises solely licensed to sell beer at retail for off-premises consumption under section 54 of the Alcoholic Beverage Control Law.

"(b) A copy of such written consent shall be kept on the licensed premises throughout the period of employment of such police officer in such licensed premises.

"(c) Except as provided in this Part, no police officer employed in this State shall be employed by, or work in, any premises licensed to sell alcoholic beverages."

Following promulgation of the regulation, the Chief of Police of the City of Rochester, on constraint of an opinion of the city's Corporation Counsel, issued a directive prohibiting off-duty police officers from working at any premises licensed to sell alcoholic beverages. The directive specifically proscribed part-time employment of police officers at Red Wing Stadium, War Memorial Auditorium and other public assembly facilities where alcoholic beverages are sold.

Plaintiffs, individual police officers employed by the City of Rochester, commenced this suit seeking judgment declaring that 9 NYCRR 100.1 (c) and Alcoholic Beverage Control Law § 128 are unconstitutional and void, and enjoining the city from enforcing the regulation and statute. The SLA was permitted to intervene pursuant to CPLR 1013.

Plaintiffs moved for summary judgment and the SLA cross-moved for the same relief. Special Term held that subdivision (c) "is ultra vires and unenforceable", and permanently enjoined the City of Rochester "from prohibiting the Plaintiffs and those similarly situated from pursuing off-duty employment at public or private facilities or establishments that serve or dispense alcoholic beverages for on-premises consumption." The judgment also provides that nothing contained therein "will allow a police officer to be employed as a bar-

tender, waiter or bouncer on premises selling alcoholic beverages."

The SLA contends on appeal that in promulgating 9 NYCRR 100.1 (c), it did not exceed its authority.* We disagree.

It is first observed that an administrative agency has no authority to create rules and regulations without a statutory predicate, express or implied (*Matter of Bates v Toia,* 45 NY2d 460, 464). Alcoholic Beverage Control Law § 128 has been in effect for more than 50 years and the SLA has yet to promulgate a regulation implementing its provisions. This absence of administrative rule making is readily understandable. The discernible legislative scheme is such that as to matters where rule making was required or desirable, the Legislature made specific and particularized grants of authority. Thus, the power to make rules with respect to particular subjects is specifically granted to the SLA throughout the body of the Alcoholic Beverage Control·Law. No authority is found, however, nor is any cited to us, which would permit the agency to promulgate a rule under section 128.

It is also significant in this regard that section 128 defines a criminal offense. If a police officer is found "to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages", he is guilty of a misdemeanor (Alcoholic Beverage Control Law § 130 [3]). The definition of a substantive criminal offense is a legislative function; the statute itself must be sufficient to declare and define the crime completely (*see,* 2 NY Jur 2d, Administrative Law, § 46). The constitutional power to delegate rule-making authority does not permit the Legislature to authorize an administrative agency to declare what facts shall constitute a crime (*see, Darweger v Staats,* 267 NY 290). It follows, then, that the SLA is not empowered by the Legislature to promulgate rules defining what conduct of a police officer shall be unlawful under section 128. We thus reject the agency's claim that 9 NYCRR 100.1 (c) was promulgated to implement and amplify section 128.

We turn next to a consideration of the provisions of Alcoholic Beverage Control Law § 128-a. It is reasonable to con-

---

* No issue is presented as to subdivisions (a) and (b) of the regulation. Their validity is accepted.

We note also that the Attorney-General has expressly waived any issue of standing or the propriety of this action pursuant to State Administrative Procedure Act § 205.

clude, and by their arguments the parties agree, that the phrase "[n]otwithstanding any inconsistent provision of law to the contrary" refers to section 128 which is intended, at the very least, to prohibit a police officer from selling alcoholic beverages in any capacity and under any circumstances. Section 128-a directs the SLA to promulgate such rules and regulations "as may be necessary" to allow a police officer to work in premises licensed to sell beer at retail for off-premises consumption. No restriction is placed upon the kind of work a police officer may do in such premises and thus, an officer's duties may permissibly include the actual sale of beer at retail. While section 128-a was necessary to accomplish at least that legislative objective, it does not follow that section 128 otherwise prohibits police officers from working for any employer in or about a licensed premises, no matter how incidental is the work to the sale of alcoholic beverages. Nothing is found in the history or language of the statute as would support such a sweeping interpretation. If that is the legislative objective to be achieved in subjecting police officers to criminal liability, the crime must be declared by the Legislature and defined in terms which clearly forewarn police officers of the conduct to be proscribed.

By its terms, section 128-a directs the SLA to promulgate rules relating to lawful, rather than unlawful, conduct. The language of 9 NYCRR 100.1 (a) and (b) carefully adheres to the legislative mandate. In adopting subdivision (c), however, the agency strayed afar. The provision that "no police officer employed in this State shall be employed by, or work in, any premises licensed to sell alcoholic beverages" is wholly unnecessary to accomplish the legislative directive and thus exceeds its scope (see, *Matter of Jones v Berman*, 37 NY2d 42, 53; *accord, State Div. of Human Rights [Valdemarsen] v Genesee Hosp.*, 50 NY2d 113; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471). It cannot be enforced against these plaintiffs. As we have said, if such employment or activity is to be proscribed, it is for the Legislature to do so.

Finally, we are asked by plaintiffs to declare that Alcoholic Beverage Control Law § 128 is unconstitutionally vague. On this appeal by the SLA, that issue is not properly before us and is not addressed.

Accordingly, the order and judgment should be modified to declare only that Rules of the State Liquor Authority § 100.1 (c) is unenforceable against plaintiffs, and judgment should be

entered permanently enjoining the City of Rochester and its Chief of Police from enforcing its provisions against plaintiffs and others similarly situated.

DENMAN, GREEN, PINE and BALIO, JJ., concur.

Order and judgment unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiffs, in accordance with opinion by Dillon, P. J.