In the Matter of L. NEWSTAND, INC., Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—In a proceeding

pursuant to CPLR article 78 to review a determination by the New York State Liquor Authority dated December 15, 1987, which, *inter alia,* suspended the petitioner's license to sell beer for off-the-premises consumption for a period of 10 days and which ordered the forfeiture of the petitioner's $1,000 compliance bond, the appeal is from a judgment of the Supreme Court, Kings County (Cohen, J.), dated March 16, 1988, which annulled the determination.

Ordered that the judgment is affirmed, with costs.

The petitioner is a small grocery store and newsstand which holds a license to sell beer for consumption off the premises *(see,* Alcoholic Beverage Control Law § 105). The petitioner also houses an electronic "Joker Poker" video game in which a successful player may win credits for additional games. "Joker Poker" games are primarily games of chance and hence constitute gambling devices *(see, Matter of Plato's Cave Corp. v State Liq. Auth.,* 115 AD2d 426, *affd* 68 NY2d 791). The New York State Liquor Authority (hereinafter the Authority) charged the petitioner with a violation of its rule 36-1 (M) (9 NYCRR 53.1 [m]) which prohibits gambling on premises licensed to sell alcoholic beverages.

Contrary to the Authority's contentions, it was without authority to apply the instant rule to premises licensed to sell alcoholic beverages for consumption off the premises. The Authority may generally only promulgate rules pursuant to express statutory authority *(see, Rotunno v City of Rochester,* 120 AD2d 160, *affd* 71 NY2d 995; Alcoholic Beverage Control Law § 115). While Alcoholic Beverage Control Law § 106 (6) prohibits gambling within premises licensed to sell alcoholic beverages for consumption on the premises, there is no similar legislative prohibition concerning licensees who hold licenses to sell alcoholic beverages for consumption off the premises. Absent such a delegation of power to regulate gambling on premises holding licenses to sell liquor off the premises, "the Authority may not assume such general rule-making power" *(Murray v State Liq. Auth.,* 133 AD2d 569, *rearg granted* 135 AD2d 378, *vacated and revd on other grounds* 139 AD2d 461, *appeal dismissed* 72 NY2d 951, *lv denied* 72 NY2d 810).

Moreover, we reject the contention that Alcoholic Beverage Control Law §§ 2, 17, 114 and 118 confer upon the Authority the implied power to promulgate rules which are inconsistent with the apparent intent of the Legislature *(see, Matter of Gross v New York City Alcoholic Beverage Control Bd.,* 7 NY2d 531, *rearg denied* 8 NY2d 934; *see also,* McKinney's

Cons Laws of NY, Book 1, Statutes § 240). Accordingly, as the Authority had neither the express nor the implied authority to apply the instant rule to the holder of a license to sell alcoholic beverages for consumption off the premises, its determination was properly annulled.

We have considered the remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.