■ In the Matter of SKIES THE LIMIT SPIRITS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.— This CPLR article 78 proceeding was transferred to this court by order, Supreme Court, New York County (Kristin Booth Glen, J.), entered September 27, 1989. Determination, dated May 31, 1989, of the respondent New York State Liquor Authority, which found petitioner guilty of permitting an unauthorized person to have an interest in petitioner and imposed a penalty of suspending petitioner's liquor license for

10 days and a $1,000 bond forfeiture, is unanimously annulled, on the law and on the facts, petition granted, and determination vacated, without costs.

Mr. Cosimo dePazzi is the sole officer, director, and shareholder of Skies The Limit Spirits, Inc. (Skies). In April 1985, the New York State Liquor Authority (SLA) issued a license to Skies, for the purpose of Skies operating a retail liquor store at 5681 Riverdale Avenue, Bronx County.

By notice of pleading and hearing (Notice) dated July 5, 1988, the SLA instituted a proceeding against Skies to cancel or revoke its license. In substance, the Notice alleged that Skies had violated Alcoholic Beverage Control Law § 105 (16) since, commencing on or about April 4, 1985, same had permitted Mr. Jeffrey Saunders, also known as Jeffrey Seikowsky, although not an officer, director or shareholder of Skies, to hold an interest in that licensee corporation.

On January 13, 1989, a hearing was held concerning the charge. At the hearing, both the SLA and Skies presented evidence which, in substance, indicated as follows: from April 1985 until September 1988, Skies employed Mr. Saunders in such capacities as a consultant concerning the purchasing and merchandising of wine, and also as a salesperson; in exchange for working 8 to 10 hours a week, Skies paid him $150 per week, and SLA investigators found that amount reflected on the books and records of Skies; and while he worked for Skies, Mr. Saunders held a liquor license to operate his own retail store under the name of East Venture Spirits, Inc.

Following the completion of the hearing, the Administrative Law Judge (ALJ) found Skies guilty of violating Alcoholic Beverage Control Law § 105 (16). In his report dated April 4, 1989, the ALJ stated, in pertinent part:

"After due consideration of the evidence, facts and documents submitted herein, I am of the opinion that East Venture Spirits, Inc., by and through its corporate principal, Jeffrey Saunders had an interest, whether considered direct or indirect, in Skies The Limit, by virtue of his employment [in Skies] * * *. I believe that this particular employment and consulting arrangement between Saunders of East Venture and Skies The Limit violates the intent and spirit of subdivision 16, Section 105.

"Consequently, having found that East Venture had a prohibited interest in Skies The Limit, I find * * * that the license[e Skies] herein engaged, participated or abetted in a violation of subdivision 16, Section [105] of the ABC Law. Mr.

dePazzi of Skies The Limit knew Mr Saunders for a number of years and knew of Saunders' involvement in East Venture Spirits, Inc. He therefore knew or should have known that such an arrangement violated the law and he should not have allowed such an arrangement to come to fruition".

Thereafter, based upon its adoption of the ALJ's finding of guilty, the SLA, in a determination dated May 31, 1989, suspended Skies' license for 10 days and imposed a $1,000 bond forfeiture.

Subsequently, Skies instituted, pursuant to CPLR article 78, a proceeding which challenged the SLA's (respondent) determination of May 31, 1989, *supra.* Since there is an issue of whether substantial evidence supports respondent's determination, pursuant to CPLR 7804 (g), an order of the Supreme Court, New York County, entered September 27, 1989, transferred the matter to this court for review *(Collana v Perales,* 123 AD2d 493 [1986]).

Alcoholic Beverage Control Law § 105 (16) reads, in pertinent part: "16. No retail licensee to sell liquors and/or wines for off-premises consumption shall be interested, directly or indirectly, in any premises where liquors, wines or beer are manufactured or sold at wholesale or any other premises where liquor or wine is sold at retail for off-premises consumption, by stock ownership, interlocking directors, mortgage or lien on any personal or real property or by any other means".

The Court of Appeals held, in *Matter of Silberfarb v Board of Coop. Educ. Servs.* (60 NY2d 979, 981 [1983]), that "[j]udicial review of administrative determinations made as the result of a hearing required by law is limited to a consideration of whether that resolution is supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181)".

Based upon our review of the record, we find that substantial evidence does not support the respondent's determination, since mere evidence that Mr. Saunders worked as a part-time employee of Skies did not establish that he had a direct or indirect interest in Skies, so as to violate Alcoholic Beverage Control Law § 105 (16) *(see, Rotunno v City of Rochester,* 124 Misc 2d 448 [1984], *affd as mod* 120 AD2d 160 [1986], *affd* 71 NY2d 995 [1988]). Further, we find no substantial evidence in the record which supports the conclusion that Mr. dePazzi, as the principal of Skies, had any knowledge that while Mr. Saunders worked for Skies, he was the principal in another licensed premises, and therefore, we conclude Mr. dePazzi did

not abet a violation of Alcoholic Beverage Control Law § 105 (16). The only conclusion that can be reached from this record was that Mr. Saunders rendered permitted services to Skies, and was reasonably compensated therefor.

Accordingly, we annul respondent's determination. Concur —Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.