■ In the Matter of TIM ROB BAR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 7, 1975, and made after a hearing, which canceled petitioner's special on-premises liquor license. Determination confirmed and proceeding dismissed, on the merits, without costs. There was substantial evidence to support respondent's determination. That determination is not arbitrary or capricious. We find petitioner's contention that the conduct complained of was constitutionally protected to be without merit. The case of *Matter of Beal Props. v State Liq. Auth.* (37 NY2d 861) is distinguishable. Here the hearing examiner specifically found a "lewd and indecent performance." In *Beal* there was no such finding by the hearing examiner. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ MICHAEL KABNICK, Appellant, v ROSEMARY B. O'MALLEY, Respondent, et al., Defendants.—In an action *inter alia* for conversion to recover compensatory and punitive damages, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered November 29, 1974, as denied his motion to direct respondent to answer questions with respect to her wealth at her examination before trial. Order affirmed insofar as appealed from, with $50 costs and disbursements *(Enos v Enos,* 135 NY 609; *Wilson v Onondaga Radio Broadcasting Corp.,* 175 Misc 389). Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.

■ R. G. KENNY ELECTRIC, INC., on Behalf of Itself and All Others Similarly Situated as Trust Beneficiaries, Appellant, v VILLAGE MALL AT HILLCREST, INC., et al., Respondents.—In a proceeding *inter alia* to compel compliance with previous orders of the Supreme Court, Queens County, directing disclosure to be made pursuant to a notice which petitioner had given under article 3-A of the Lien Law, the appeal is from so much of an order of the same court, dated January 6, 1975, as denied the branches of the application which sought appointment of a receiver and a referee. Order affirmed insofar as appealed from, with $50 costs and disbursements. The appointment of a receiver is a matter of judicial discretion and, on the record presented on this appeal, Special Term properly denied plaintiff's application insofar as it requested appointment of a receiver and a referee. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.