■ In the Matter of FRANK P. DI MARSICO, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered May 18, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to vacate and prohibit enforcement of an order of the Commissioner of Health. This is a CPLR article 78 proceeding brought by petitioner, a physician, seeking to vacate a determination of the respondent Commissioner of Health. There is no substantial dispute about the pertinent facts. Charges were brought against petitioner relating to alleged violations of article 33 of the Public Health Law, including the improper dispensing of, and record keeping relating to, various controlled substances. The notice of hearing advised petitioner, *inter alia,* that he could "appear in person or by representative, with or without counsel". Petitioner sought advice from a nonlawyer acquaintance who told him, in substance, that based upon conversations he had with an investigator from the Department of Health, it would be best for petitioner not to retain an attorney and not to contest the charges. He also told petitioner that the hearing would be closed to the press and that if the charges were sustained he would be fined only a small amount. In an affidavit, the investigator denied giving such information to petitioner's acquaintance. Petitioner appeared at the hearing without an attorney. It

developed that the hearing was not closed to the press and that petitioner was unable to represent himself effectively. After the hearing, the respondent issued an order assessing a fine of $6,000 against petitioner and directing the Bureau of Narcotic Controlled Substances Licensing to withhold the issuance of any official New York State prescriptions for which application had or would be made by petitioner and to revoke any unused prescriptions previously issued. Special Term dismissed the petition and this appeal ensued. Petitioner raises two issues urging reversal. He contends he was denied his right to counsel and that the respondent's administrative order is contrary to section 3391 of the Public Health Law which is the controlling statute. Pursuant to statute, petitioner was entitled to be represented by counsel (Public Health Law, § 12-a, subd 6; § 3393, subd 3). The record reveals, however, that the notice of hearing so advised him. Furthermore, he was specifically asked by the hearing officer if he intended to represent himself and he replied, "I guess so". It is also significant that we are here dealing with an educated person who decided to rely on the advice of a nonlawyer and proceed without counsel. Considering the record in its entirety, we are of the view, as was Special Term, that petitioner voluntarily waived his right to counsel. The authorities relied upon by petitioner pertain to criminal trials and here we are concerned with an administrative proceeding where a different rule would apply (see *Matter of Brown v Lavine,* 37 NY2d 317). As to petitioner's second contention, he specifically maintains that pursuant to section 3391 of the Public Health Law the notice of hearing shall fix a date for a hearing not less than 15 nor more than 30 days from the date of the notice and that this restriction was not adhered to. Pursuant to section 12-a of the Public Health Law, however, there is no 30-day time limitation. It is this latter section which respondent urges is applicable. We agree. Section 3391 specifically applies to the revocation of a license or certificate of approval. Petitioner's license to practice medicine does not, in our opinion, come within the purview of this section. Such a license is much broader in scope and petitioner's right to prescribe controlled substances is merely incidental thereto and not specifically authorized by it. Consequently, Special Term correctly concluded that the hearing was properly held under section 12-a of the Public Health Law based upon the express provisions of article 33. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane and Main, JJ., concur.

Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). I am of the opinion that the petitioner was not denied his right to counsel but waived it knowingly. The commissioner's conduct of the proceeding and his order are not, however, in accord with the provisions of the Public Health Law. Article 33 of the Public Health Law is expressly applicable to the regulation and control of controlled substances. Section 3391 was designed to displace the provisions of sections 12 and 12-a of the law. Article 33 controls the procedure and penalty imposable in the instant proceeding. The penalties imposed upon petitioner must be annulled because they are contrary to that permitted by law (Public Health Law, § 3391, subd 4). Although the hearing was not held within the time structures prescribed in the statute (see Public Health Law, § 3396), a failure to conduct it in the prescribed time frame is not fatal to the commissioner's authority to act. The purpose of the section is to protect the public by providing for prompt hearings of violations and is not meant as a procedural safeguard for the violator. As such, the section is merely directory and not mandatory (see Governor's Memorandum of Ap-

proval, NY Legis Ann, 1972, p 369). The matter should be remitted for further proceedings in accordance with this opinion.