■ In the Matter of ROBERT FREYMAN, Petitioner, v BOARD OF REGENTS OF UNIVERSITY OF STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review a determination of the Board of Regents which suspended petitioner's license to practice medicine for six months. The Regents Committee on Professional Conduct charged Robert Freyman, a physician, with practicing the profession fraudulently on more than one occasion within the meaning of subdivision (2) of section 6509 of the Education Law and professional misconduct within the meaning of subdivision (9) of section 6509 of the Education Law. The charges stemmed from various encounters between petitioner and Investigator Skell of the Division of Professional Conduct of the New York State Education Department during 1975 and 1977. After a hearing by a panel of the Committee on Professional Conduct of the State Board of Medicine, petitioner was found guilty of practicing the profession fraudulently and committing unprofessional conduct on July 8, 1977, in that he prescribed Quaalude, a controlled substance, to undercover agent Skell, without medical need and without conducting a physical examination, and for unlawfully issuing a prescription to the order of a false name on that same day. The panel recommended that petitioner receive a censure and reprimand. On May 22, 1979, the Regents Review Committee approved the findings, but recommended that his license to practice as a physician in New York be suspended for one year with the last six months of suspension to be stayed and to be followed by five years of probation. This recommendation was adopted by the Board of Regents and on June 18, 1979 the Commissioner of Education ordered his suspension. Petitioner challenges the Board of Regents' determination and contends that the Department of Education entrapped him and, furthermore, that the suspension of his license constituted excessive and unfair punishment. We disagree. Section 6510 (subd 2, par b) of the Education Law man-

dates that substantial legal evidence is required for a determination of guilt in proceedings in cases of professional misconduct. The Court of Appeals has made clear that in article 78 proceedings the scope of appellate review is limited to ensuring that the determination before the court is supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Accordingly, it is not the prerogative of a reviewing court to substitute its judgment for that of the agency's determination when the record reasonably supports the agency's conclusion *(Matter of Shephard v Ambach,* 68 AD2d 984). The record in the instant case supports the finding that petitioner was guilty of practicing the profession fraudulently and committing unprofessional conduct within the ambit of subdivisions (2) and (9) of section 6509 of the Education Law. Such a finding was based upon the testimony of Ms. Skell, a special investigator for the Division of Professional Conduct of the New York State Education Department. Investigator Skell testified that on July 8, 1977, Dr. Freyman knowingly prescribed Quaalude, a controlled substance, for her use without a medical examination and also that he made the prescription to the order of a fictitious person. Petitioner, himself, admits that he issued a prescription on July 8, 1977 to the order of an unknown person. Petitioner also contends that the Department of Education entrapped him into committing the unlawful conduct. Assuming, *arguendo,* that the defense of entrapment is available to petitioner, we find no merit in his contention that the substance of the charges made by the Department of Education was improperly obtained by entrapment. The record does not support petitioner's assertion that he was actively induced by Investigator Skell to commit acts that he otherwise would not have committed. Moreover, the defense of entrapment is not available where, as in the instant case, the petitioner was predisposed to commit the unlawful acts. Investigator Skell merely provided him with the opportunity to commit his misdeeds (see *People v Isaacson,* 56 AD2d 220, 225, revd on other grounds 44 NY2d 511; see, also, *Matter of Gattner v Board of Regents,* 71 AD2d 712, 714). Finally, petitioner contends that the suspension of his license constituted an abuse of discretion insofar as it was excessive and unfair. It is well settled that the standard to be applied in reviewing the penalty imposed in an administrative proceeding is whether such a sanction is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' ." *(Matter of Pell v Board of Educ., supra,* p 233.) Moreover, "a result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" *(Matter of Pell v Board of Educ., supra,* p 234). We do not find the penalty imposed to be so disproportionate to the offense as to be shocking to one's sense of fairness and, thus, the determination should not be disturbed. Considering the record in its entirety, we are of the opinion that there is substantial evidence to sustain the board's determination and, therefore, it should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.