In the Matter of PAPER FINISHING CO., INC., as Assignor. JAMES R. HOKE, as Former Assignee; LEO DIKMAN, Respondent; JOHN G. BOVE et al., Appellants. — Order of the Supreme Court, Queens County (Hyman, J.), dated March 1, 1984, affirmed, with costs, for reasons stated by Justice Hyman at Special Term. Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.

In the Matter of RICHMOND GENTLEMEN, INC., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated February 14, 1983, which, after a hearing, found petitioner guilty of certain charges, canceled its on-premises license and imposed a $1,000 bond claim.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

There is substantial evidence that petitioner suffered or permitted the licensed premises to become disorderly by suffering or permitting a lewd and indecent performance therein (Alcoholic Beverage Control Law, § 106, subd 6; *Matter of Salem Inn v New York State Liq. Auth.*, 43 NY2d 713; *92-07 Rest. v New York State Liq. Auth.*, 80 AD2d 603). There is also substantial evidence that petitioner suffered or permitted a dancer to appear on the licensed premises in such manner as to expose to view her pubic hair, anus, vulva or genitals (9 NYCRR 53.1 [r] [2]). Petitioner's constitutional challenge to that regulation is not properly raised and, in any event, would be rejected on the merits (*Matter of Highway Tavern Corp. v McLaughlin*, 105 AD2d 122; *92-07 Rest. v New York State Liq. Auth., supra*).

We also find that the penalty imposed was not so disproportionate as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 237). Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.