In the Matter of HUGO L. VILORIA, Petitioner, v THOMAS
SOBOL, as Commissioner of Education of the State of New
York, Respondent.

Third Department, November 9, 1989

## APPEARANCES OF COUNSEL

*Richard E. Mischel, P. C. (Schapiro & Reich [Perry S. Reich]* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Raymond J. Foley* of counsel), for respondent.

OPINION OF THE COURT

Mahoney, P. J.

Petitioner is a physician licensed to practice in New York. He was charged with seven specifications of professional misconduct for his alleged sexual activity with a 14-year-old female patient during three different office visits and fraudulent record keeping as to one office visit. It appears from the record that petitioner saw the patient in October 1986. The next month the patient returned to petitioner's office for a follow-up visit, during which petitioner allegedly performed sexual acts with the patient while holding a gun to her head. In December 1986, during another office visit, petitioner allegedly again performed sexual acts with the patient. On January 21, 1987, when she returned to petitioner's office, the patient was wired to a tape recorder at the behest of the police, who had learned of the earlier alleged sexual abuse. During this visit, petitioner allegedly solicited an act of oral sex. He was arrested and a videotape of his interrogation at the precinct station was admitted into evidence at his disciplinary hearing, as were transcripts of the tape recording made during the office visit.

Following the hearing, the Hearing Committee recommended that three specifications of misconduct be sustained and that petitioner's license be revoked. The Regents Review Committee recommended sustaining only the charges of willfully harassing, abusing and intimidating a patient and evidencing moral unfitness to practice medicine based on petitioner's solicitation of an act of oral sex on January 21, 1987, and suggested the revocation of petitioner's license as punishment. After the Board of Regents accepted this recommended disposition, respondent entered an appropriate order. Petitioner then commenced this proceeding to challenge the determination.

▉ Petitioner urges this court to adopt entrapment as a defense in this type of administrative proceeding and argues that the events of January 21, 1987 constitute entrapment requiring dismissal of the charges. Although entrapment has been judicially accepted in certain administrative forums (see, e.g., People ex rel. Dowdy v Smith, 48 NY2d 477, 484 [parole revocation hearing]), this defense has not been expressly authorized in physician disciplinary cases (see, e.g., Matter of Freyman v Board of Regents, 79 AD2d 719, 720, lv denied 53 NY2d 603; Matter of Gattner v Board of Regents, 71 AD2d

712, 714, *lv denied sub nom. Matter of Gattner v Whalen,* 48 NY2d 608). We decline to do so here. First, petitioner failed to raise this issue during any of the administrative proceedings, foreclosing its consideration by us *(see, e.g., Matter of Giordano v State Tax Commn.,* 145 AD2d 726, 728). Furthermore, even if entrapment was available to petitioner, the record belies its applicability in this proceeding. Entrapment generally requires government agents to encourage by affirmative activity improper conduct by one not predisposed to such conduct *(see generally,* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.05, at 131). Here, the transcripts of the January 21, 1987 office visit clearly reveal that petitioner asked the patient if she knew how to perform an act of oral sex and indicated his readiness and willingness to engage in such activity. Thus, petitioner was merely provided an opportunity to engage in conduct to which he was evidently predisposed and was not the victim of any entrapment *(see, Matter of Freyman v Board of Regents, supra).*

We next conclude that petitioner's guilt was established by a preponderance of the evidence. Even disregarding the patient's testimony about the events in petitioner's office on January 21, 1987, the transcripts of the tape recording and petitioner's admissions as to his discussion with the patient about oral sex as recorded on the videotape clearly establish petitioner's misconduct. Any suggestion that such discussion was part of a normal physician-patient consultation and that the patient was the sexual aggressor on other occasions is belied by the lack of appropriate notations on the medical records and petitioner's continued willingness to meet the patient in the absence of witnesses.

There is also no merit to petitioner's claim that he was denied due process for alleged procedural deficiencies. There is no constitutional defect in having the disciplinary matter proceed before resolution of related criminal charges *(see, e.g., Oleshko v New York State Liq. Auth.,* 29 AD2d 84, *affd on opn below* 21 NY2d 778). Likewise, we see no constitutional deprivation resulting from the deputization of an Assistant District Attorney who was assigned to related criminal charges to act on behalf of the Department of Health. The Assistant District Attorney was previously aware of the evidence used at the hearing so that his participation could not have been to gain additional information, especially since the transcript of the hearing was to be made public later. Next, although references to related criminal actions are frowned

upon in disciplinary proceedings *(see, Matter of Goomar v Ambach,* 136 AD2d 774, 777, *appeal dismissed* 72 NY2d 908, *lv denied* 73 NY2d 701), we are of the view that any such references did not sufficiently prejudice petitioner so as to require annulment *(supra).* It was petitioner's attorney who broached the subject of the related criminal proceeding and, in any event, the charges sustained are based essentially on petitioner's own actions and admissions. Next, in considering the nature of the charges and the victim's age, we find no due process violation in the exclusion of petitioner's wife from the administrative hearing during the patient's testimony. Even in criminal proceedings, exclusion of a defendant's family during a sex crime victim's testimony is sometimes constitutionally permitted *(see, People v Joseph,* 59 NY2d 496).

Finally, we reject petitioner's contention that revocation of his license is a disproportionate penalty. In this regard, we reiterate our reluctance to interfere with a professional licensing authority's sanction in cases involving sexual misconduct, especially with children *(see, Matter of Melone v State of New York Educ. Dept.,* 115 AD2d 854, 856). Accordingly, considering petitioner's position of responsibility and respect, the tenor and explicitness of the sexual remarks and the involvement of a minor who had entrusted herself to petitioner's care, we find insufficient reason to interfere with the penalty imposed.

WEISS, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.