■ In the Matter of IRA WYMAN, INC., Doing Business as MINIT STOP, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment insofar as appealed from unanimously reversed on the law without costs and penalty imposed by respondent reinstated. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the penalty imposed by the New York State Liquor Authority (SLA). The SLA charged that petitioner sold alcoholic beverages to a minor on February 10, 1989, in violation of Alcoholic Beverage Control Law § 65 (1). Petitioner pleaded "no contest" to that charge. Thereafter, the SLA suspended petitioner's liquor license for a period of 30 days (8 remitted on the "no contest" plea), 15 days forthwith, and 7 days deferred, and ordered a forfeiture of petitioner's $1,000 bond claim. Supreme Court modified the penalty, concluding that it was "excessive" to the extent that it imposed a forfeiture of petitioner's bond claim. We disagree. In our view, the penalty imposed by the SLA was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Norwood Pub v State Liq. Auth.,* 145 AD2d 322, 323-324). Moreover, "the courts must recognize the capability, competence and experience of the administrative agency in the fashioning of regulatory penalties" *(Matter of Ahsaf v Nyquist,* 37 NY2d 182, 186). (Appeal from Judgment of Supreme Court, Yates County, Falvey, J.—Article 78.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.