■ In the Matter of L & R WINES AND LIQUORS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to annul a determination of the respondent New York State Liquor Authority, dated September 26, 1989, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 65 (1), and ordered a deferred 15-day suspension of the petitioner's off-premises liquor license plus a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was charged with a violation of Alcoholic Beverage Control Law § 65 (1), which prohibits the sale of alcohol to persons under 21 years old. At the hearing, evidence was adduced that an employee of the petitioner deliv-

ered alcoholic beverages to an underaged police aide. The police aide was participating in a police investigation whereby he would call local liquor stores and order alcohol to be delivered to him at an apartment. The respondent New York State Liquor Authority sustained the charge against the petitioner and ordered a penalty of a deferred 15-day suspension plus a $1,000 bond forfeiture.

We find that the determination by the New York State Liquor Authority is supported by substantial evidence and must be confirmed *(see, Matter of Oster v New York State Liq. Auth.,* 125 AD2d 859). Further, we find that assuming, as the petitioner contends, the defense of entrapment is available in an administrative proceeding such as this one, the petitioner has not established the merits of the defense. The conduct by the police merely afforded the petitioner an opportunity to commit the offense *(see, Matter of Viloria v Sobol,* 152 AD2d 92; *Matter of Freyman v Board of Regents,* 79 AD2d 719).

We further find that the penalty imposed is not shocking to one's sense of fairness and should not be disturbed *(see, Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187; *Matter of Vargas v New York State Liq. Auth.,* 111 AD2d 925; *Matter of Ira Wyman Inc. v New York State Liq. Auth.,* 170 AD2d 991; *Matter of Heiss v Duffy,* 149 AD2d 902). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.