■ In the Matter of AULCALF, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [597 NYS2d 316] —Determination of the respondent State Liquor Authority, dated July 2, 1992, which cancelled petitioner's liquor license and imposed a $1,000 bond claim unanimously confirmed, the petition denied and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan B. Lobis, J.], entered October 28, 1992), is dismissed, without costs.

Two diametrically opposing accounts of what transpired in petitioner's premises were presented at the hearing. While respondent's investigator testified that he saw four public performances containing, *inter alia,* sado-masochistic activity, and involving nudity, fondling of genitals, and flagellation, petitioner's witnesses, although admitting that those performances may have appeared to be erotic in nature, testified that they actually represented theatrical themes that were accompanied by music and dancing. Adopting the Administrative Law Judge's findings, respondent found petitioner guilty of suffering or permitting a lewd performance and the expo-

sure of genitalia, in violation of Alcoholic Beverage Control Law § 106 (6-a) and respondent's rule 36.1 (r) (9 NYCRR 53.1 [r]). We find no basis to disturb this determination or any of the credibility findings of the Administrative Law Judge on which it is based *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Nor can we say that the penalty imposed is shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234).

We have reviewed the petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.