*(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of Jo Mar Jo Restaurant Corp., Petitioner, v New York State Liquor Authority, Respondent. [602 NYS2d 673] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated February 13, 1991, which, after a hearing, suspended the petitioner's liquor license for a period of 15 days and ordered a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination of the respondent New York State Liquor Authority that the petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling an alcoholic beverage to a minor is supported by substantial evidence. The evidence adduced at the administrative hearing established that the petitioner's premises was not crowded on the night in question and that the petitioner's bartender sold and delivered alcoholic beverages to an adult male, who in turn handed one of those beverages to his underage friend, who began consuming the drink. Although the minor was seated at a table, the bartender had an unobstructed view of her and thus, the evidence was sufficient to support the conclusion that the petitioner's conduct was "open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" *(Matter of 4373 Tavern Corp. v New York State Liq. Auth.,* 50 AD2d 855, 856; *see, Matter of Culligan's Pub v New York State Liq. Auth.,* 170 AD2d 506).

Additionally, the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Wyman, Inc. v New York State Liq. Auth.,* 170 AD2d 991; *Matter of Larowe v New York State Liq. Auth.,* 170 AD2d 905). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ In the Matter of Krown Baldwin Townehouse Condominium, Respondent, v Board of Assessors et al., Appellants. [603 NYS2d 769] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 16, 1991, which (1)

granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, 1988-1989, 1989-1990, and 1990-1991.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed *(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of TOWNEHOUSE APARTMENTS AT LIDO BEACH CONDOMINIUM, Respondent, v BOARD OF ASSESSORS et al., Appellants. [603 NYS2d 769] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 16, 1991, which (1) granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, 1988-1989, 1989-1990, and 1990-1991.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed *(see, Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620 [decided herewith]). Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]

■ In the Matter of VALLEY TOWNEHOUSE CONDOMINIUM, Respondent, v BOARD OF ASSESSORS et al., Appellants. [603