■ Jay-Jay Cabaret, Inc., Respondent, v State of New York et al., Appellants. [626 NYS2d 130] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 7, 1994, which, *inter alia,* granted the cross-motion by defendant New York State Liquor Authority ("SLA") for summary judgment to the extent of declaring SLA rule 36.1 (s) (9 NYCRR 53.1 [s] [the Rule]) null and void for want of statutory authority to promulgate the Rule, without prejudice to re-promulgation of the Rule upon a showing of the requisite grant of appropriate statutory authority and compliance with the relevant statutory provisions, and which enjoined the SLA from enforcing rule 36.1 (s), unanimously affirmed, without costs.

The IAS Court properly declared SLA rule 36.1 (s), commonly known as the "Six Foot Rule", null and void for want of statutory authority and enjoined the SLA from enforcing that Rule based upon the court's determination that the SLA had acted without specific statutory authority in promulgating the Rule, which is, in effect, a categorical, no-fault blanket proximity prohibition banning topless dancing within six feet of patrons regardless of how orderly the licensed premises may otherwise be *(see, Matter of Beer Garden v New York State Liq. Auth.,* 79 NY2d 266, 275).

In *Beer Garden (supra,* at 275), the New York Court of Appeals, in striking down SLA rule 36.1 (q) (9 NYCRR 53.1 [q]) on the grounds that the SLA had acted without statutory authority in promulgating that "no-fault" rule, specifically recognized that, under the Alcoholic Beverage Control Law, the Legislature granted the SLA specific and particular, rather than general, rule-making authority, and that Alcoholic Beverage Control Law §§ 2, 17, 114 and 118 cannot be relied upon, as a matter of law, by the SLA as authority for substantive rule-making since "the SLA cannot take refuge in general rule-making authority as a means of circumventing the specific legislative requirement in the Alcoholic Beverage Control Law § 106 (6) of the licensee's awareness of the disorderly conduct" *(see also, Matter of L. Newsstand v State Liq. Auth.,* 151 AD2d 483, *lv denied* 75 NY2d 710).

We therefore find that the IAS Court properly declared rule 36.1 (s) null and void for want of statutory authority, where, as here, the plaintiff established, through official records ob-

tained through discovery in other proceedings, Freedom of Information requests, and by review of the Governor's Bill Jacket for Alcoholic Beverage Control Law § 106 (6), that the statutory authority expressly cited by the SLA for rule 36.1 (s), when it was originally promulgated by the SLA in 1975, and when the Rule was re-promulgated in 1982, was Alcoholic Beverage Control Law §§ 2, 17, 114 and 118.

The IAS Court, following the reasoning of the Court of Appeals in *Beer Garden (supra),* properly concluded that SLA rule 36.1 (s) cannot be sustained by reference to the Alcoholic Beverage Control Law because the Rule is a "no-fault" proximity rule requiring no element of "disorder" to establish a violation.

We also agree with the IAS Court that it is unnecessary to reach the merits of plaintiff's alternate claim that SLA rule 36.1 (s) is unconstitutional as a violation of freedom of expression, in view of the court's finding that rule 36.1 (s) is null and void *(Matter of Dora P.,* 68 AD2d 719, 729). Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.