[634 NYS2d 152]

In the Matter of VANDA HODGE PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.

Second Department, November 20, 1995

## APPEARANCES OF COUNSEL

*David J. Eisenberg,* Richmond Hill, for petitioner.

*Adrian C. Hunte,* New York City *(Stephen D. Kalinsky* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At issue here is whether the New York State Liquor Authority (hereinafter the SLA) properly revoked the petitioner's liquor license based in part on a violation of 9 NYCRR 53.1 (s), commonly known as the "Six-Foot Rule", which prohibits "suffering or permitting" topless dancers from performing less than six feet from any patron on a licensed premises. The petitioner contends that the "Six-Foot Rule" is invalid, on the ground that the SLA lacked statutory authority to promulgate that rule. The petitioner further contends that the SLA lacked jurisdiction over it, because its liquor license was under suspension at the time the charged conduct occurred, and, in any event, the charged conduct was not established by substantial evidence, and the penalty of revocation was arbitrary and capricious. I find that each of these contentions is without merit.

### FACTS

On July 22, 1993, while the petitioner's liquor license was under suspension for violating 9 NYCRR 53.1 (s), Investigator Byron Mars of the SLA visited the premises, posing as a customer.

Mars testified at an administrative hearing that the barmaid told him that the premises' liquor license was temporarily suspended, and offered him nonalcoholic beer, which he

purchased. According to Mars, he and four other patrons went into a "back room", where a topless dancer appeared, wearing only a G-string. During the performance patrons walked up to the dancer and placed dollars in her G-string. At one point during the performance, the dancer removed her G-string, exposing her vagina and pubic hair.

At the administrative hearing, the petitioner presented the testimony of a barmaid and several customers that no dancing occurred on the premises after its liquor license was suspended. Vanda Hodge, the owner of the premises, testified that she was "in the bar every single day", and took the position that if there had been lewd dancing, she would have known about it.

The SLA found the petitioner guilty of the following charges:

"1. That on July 22, 1993, the licensee suffered or permitted a female or females to appear on the licensed premises in such a manner or attire as to expose a portion of the breast below the top of the areola while said female or females were not on a stage at least 6 feet from the nearest patron and/or 18 inches off the floor; all cause for revocation, cancellation or suspension of the license in accordance with Rule 36.1 (s) of the Rules of the State Liquor Authority [9 NYCRR 53.1 (s)].

"2. That on July 22, 1993, the licensee suffered or permitted the licensed premises to become disorderly by suffering or permitting lewd and indecent performances thereon; in violation of subdivision 6 of Section 106 of the Alcoholic Beverage Control Law."

### THE "SIX-FOOT RULE"

9 NYCRR 53.1 (s) (also known as SLA rule 36.1 [s]), permits the SLA to revoke, cancel or suspend a liquor license: "For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed at least six feet from the nearest patron."

That provision, known as the "Six-Foot Rule", was originally enacted in 1975 in its current form (see, Jay-Jay Cabaret v State of New York, 215 AD2d 172; Bellanca v New York State

*Liq. Auth.,* 54 NY2d 228, 232, n 2, *cert denied* 456 US 1006). In 1977, Alcoholic Beverage Control Law § 106 was amended to add a new subdivision (6-a) (L 1977, ch 321), which provides: "No retail licensee for on-premises consumption shall suffer or permit any person to appear on licensed premises in such manner or attire as to expose to view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, nor shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof."

That amendment imposed a blanket prohibition upon topless dancing. Simultaneously therewith, 9 NYCRR 53.1 (s) was also amended to delete the so-called "Six-Foot Rule", permitting topless dancing by entertainers on a stage 18 inches above the floor and six feet from any patron.

■ In *Bellanca v New York State Liq. Auth.* (54 NY2d 228, 231, *supra),* the Court of Appeals ruled that Alcoholic Beverage Control Law § 106 (6-a) "insofar as it prohibits topless dancing" violated the New York State Constitution, because topless dancing was a form of expression. In that decision, the Court of Appeals specifically stated that topless dancing could be reasonably regulated, and cited the Six-Foot Rule as an example of such regulation *(Bellanca v New York State Liq. Auth., supra,* at 231-232).

In 1982, 9 NYCRR 53.1 (s) was repromulgated *(Jay-Jay Cabaret v State of New York,* 215 AD2d 172, *supra).* The "Six-Foot Rule" was reinserted, and it now reads the same as it did prior to 1977 *(see,* NY Reg, Aug. 4, 1982, at 12; *Matter of Highway Tavern Corp. v McLaughlin,* 105 AD2d 122).

The petitioner does not contend that 9 NYCRR 53.1 (s) is unconstitutional. Rather, the petitioner contends that the "Six-Foot Rule" runs afoul of the principles enunciated in *Matter of Beer Garden v New York State Liq. Auth.* (79 NY2d 266, 275), which held that "the Legislature has granted the SLA specific and particular, rather than general, rule-making authority". That case dealt with an interpretation of Alcoholic Beverage Control Law § 106 (6) which provides that no licensee shall "suffer or permit" a premises to "become disorderly". Pursuant to that subdivision, the SLA promulgated a rule, 9 NYCRR 53.1 (q), authorizing revocation, cancellation, or suspension of a liquor license if "any noise, disturbance

\* \* \* disorder, act or activity occurs in the licensed premises \* \* \* [which] results in the licensed premises becoming a focal point for police attention". The SLA contended that, under that rule, it was unnecessary to establish that the licensee was aware of the alleged misconduct *(Matter of Beer Garden v New York State Liq. Auth., supra,* at 272-273). The Court of Appeals found the rule, or at least the SLA's interpretation of the rule, "strayed from Alcoholic Beverage Control Law § 106 (6)" which imposed a legislative requirement that the licensee "suffer or permit" and therefore be aware of the disorderly conduct *(Matter of Beer Garden v New York State Liq. Auth., supra,* at 277).

In *Jay-Jay Cabaret v State of New York* (215 AD2d 172, 173, *supra),* the Appellate Division, First Department, following *Matter of Beer Garden v New York State Liq. Auth. (supra),* held that 9 NYCRR 53.1 (s) was invalid, because it imposed a " 'no-fault' proximity rule requiring no element of 'disorder' to establish a violation". However, 9 NYCRR 53.1 (s) contains the requisite "suffer or permit" language.

Statutory authority for the promulgation of that provision can be found in Alcoholic Beverage Control Law § 106 (6). The decision of the First Department in *Jay-Jay Cabaret v State of New York (supra)* is based upon the premise that a regulation promulgated pursuant to Alcoholic Beverage Control Law § 106 (6) must contain "disorder" as an independent element, and before lewd and indecent conduct can be subject to regulation, it must lead to "disorder". However, as this Court noted in *Matter of Highway Tavern Corp. v McLaughlin* (105 AD2d 122, 138, *supra),* "[t]he term 'disorderly' has been determined to include lewd and indecent sexual acts and performances" *(see also, Matter of Salem Inn v New York State Liq. Auth.,* 43 NY2d 713; *Matter of Becker v New York State Liq. Auth.,* 21 NY2d 289). Thus, a premises where lewd and indecent sexual acts and performances occur is by definition disorderly.

Further, the Court of Appeals has held that, in order to discipline a licensee for lewd and indecent conduct, the SLA must have in place regulations giving notice of the proscribed conduct *(see, Matter of Beal Props. v State Liq. Auth.,* 37 NY2d 861, 862, *revg* 45 AD2d 906 *on dissenting in part opn of Cooke, J.).* The dissenting in part opinion of Justice Cooke in the Third Department, which the Court of Appeals upheld, stated that the SLA "has the power to adopt rules in this

area" pursuant to Alcoholic Beverage Control Law § 106 (6) *(Matter of Beal Props. v State Liq. Auth.,* 45 AD2d 906, 908, *supra).*

Statutory authority for promulgation of the rule may also be found in Alcoholic Beverage Control Law § 106 (6-a), wherein the Legislature imposed a blanket prohibition of topless dancing. Although the blanket prohibition of topless dancing in section 106 (6-a) was found to be an unconstitutional infringement upon freedom of expression *(see, Bellanca v New York State Liq. Auth.,* 54 NY2d 228, *supra)* the "Six-Foot Rule" was then restored to implement the intent of the Legislature, while satisfying those constitutional objections *(Jay-Jay Cabaret v State of New York,* 215 AD2d 172, *supra).*

Accordingly, we uphold the validity of the "Six-Foot Rule" *(cf., Jay-Jay Cabaret v State of New York, supra).*

### SLA JURISDICTION OVER SUSPENDED LICENSES

The petitioner further contends that since the charged conduct occurred while its license was under suspension for another violation, the SLA lacked jurisdiction to prefer the charges. This contention is without merit.

Alcoholic Beverage Control Law § 3 (18) defines "licensee" as "any person to whom a license has been issued pursuant to this chapter". Although the petitioner's license was suspended, it still satisfied the statutory definition of licensee, and therefore was subject to the jurisdiction of the SLA.

Further, the petitioner's premises was a "licensed premises" *(see,* 9 NYCRR 54.8 [a], which requires that an order of suspension "shall be publicly displayed in the licensed premises").

Accordingly, the SLA had jurisdiction to revoke the petitioner's liquor license, based upon conduct occurring while the license was suspended.

### SUBSTANTIAL EVIDENCE

Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *see, Matter of Boyd v Constantine,* 81 NY2d 189). In this proceeding for judicial review of an administrative determination, credibility is a matter for the administrative agency and the question before the Court is limited to whether the determination is supported

by substantial evidence *(see, Matter of Block v Ambach,* 73 NY2d 323, 335).

■ In this case, the testimony of Investigator Mars established that violations of the "Six-Foot Rule", as well as other lewd or indecent conduct, occurred on the premises. The owner of the premises took the position that since she was at the bar every single day, if the charged conduct occurred she would have known about it. Therefore, there was substantial evidence that she did "suffer or permit" the charged conduct *(see, Matter of Block v Ambach, supra,* at 335).

### THE PENALTY IMPOSED

The penalty of revocation of the petitioner's liquor license must be upheld unless the penalty is "shocking to one's sense of fairness" *(Matter of Macagna/Orecchio Props. v New York State Liq. Auth.,* 216 AD2d —, —, 1995 NY Slip Op 5858 [2d Dept, June 19, 1995]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

■ Suffering or permitting lewd performances is a sufficient ground for cancellation or revocation of a liquor license *(see,* 9 NYCRR 53.1; *see also, Matter of Aulcalf, Inc. v New York State Liq. Auth.,* 193 AD2d 415; *Matter of Richmond Gentlemen v State of New York Liq. Auth.,* 106 AD2d 506). Further, the conduct occurred while the petitioner's liquor license was under suspension for a similar violation. Thus, the petitioner had established, by its conduct, that a suspension was not sufficient to deter it from violating SLA rules, and a harsher penalty was warranted.

Accordingly, the determination is confirmed and the proceeding is dismissed on the merits, with costs.

JOY, J. P., HART and FLORIO, JJ., concur.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.