In the Matter of CARL AND CARL, INC., Doing Business as HONEY's, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [653 NYS2d 856] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated November 3, 1995, made after a hearing, which cancelled the petitioner's liquor license and directed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, to the extent that the provision imposing a penalty of cancellation of the petitioner's liquor license is deleted; as so modified, the determination is confirmed, without costs or disbursements, and the matter is remitted to the respondent for the imposition of

a new penalty not to exceed a 90-day license suspension and a $1,000 bond forfeiture.

The findings of the Administrative Law Judge, based upon the direct observations of investigators for the respondent New York State Liquor Authority, are supported by substantial evidence and will not be disturbed *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Hodge Pub v New York State Liq. Auth.,* 215 AD2d 35). The petitioner's contention that the so-called six-foot rule is invalid is without merit *(see,* 9 NYCRR 53.1 [s]; *Matter of Hodge Pub v New York State Liq. Auth., supra,* at 38-39; *Matter of High Steppers Corp. v New York State Liq. Auth.,* 216 AD2d 566).

However, under the circumstances of this case, and in view of the petitioner's previously unblemished record, we conclude that the penalty imposed was excessive to the extent indicated *(see, Matter of Hodge Pub v New York State Liq. Auth., supra,* at 42; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.