■ In the Matter of HELEN KAMINSKI, as Administrator of the Estate of ALFRED KAMINSKI, Deceased, Petitioner, v ANTHONY J. CASALE, as Chairman of the New York State Liquor Authority, Respondent. [665 NYS2d 576] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated August 2, 1996, which, after a hearing, found that the petitioner violated Alcoholic Beverage Control Law § 65 (1) and imposed a $3,500 civil penalty, and if the penalty was not paid within 20 days, liquor license suspension for 25 days plus a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination of the New York State Liquor Authority is supported by substantial evidence and must be confirmed (*see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181; *Matter of Vanda Hodge Pub v New York State Liq. Auth.,* 215 AD2d 35, 41-42). Moreover, assuming, as the petitioner contends, that the entrapment defense is available, the petitioner has not established the merits of the defense. The conduct of the police did not encourage illegal conduct, but merely afforded the petitioner an opportunity to commit the offense (*see, Matter of L & R Wines & Liqs. v New York State Liq. Auth.,* 174 AD2d 570, 571; *Matter of Viloria v Sobol,* 152 AD2d 92, 95). O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.