■ CLEMETT AND CO., INC., Respondent, v PETER J. REYNOLDS et al., Appellants. RICHARD J. BRICKWEDDE, Appellant. [703 NYS2d 853] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Elliott, J. (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Counsel Fees.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.

■ RICHARD A. PALLAS, III, Respondent, v CITY OF ROME, Appellant. [705 NYS2d 481] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Buckley, J. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Dismiss Pleading.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.

■ In the Matter of 3800 WEST HENRIETTA ROAD, INC., Doing Business as KLASSY KAT TAVERN, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [703 NYS2d 640] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in declaring null and void the determination of respondent, New York State Liquor Authority (SLA), finding that petitioner violated section 53.1 (s) of part 53 of the Rules of the SLA (9 NYCRR 53.1 [s]) (the Six-Foot Rule). 9 NYCRR 53.1 (s) constitutes a valid exercise of SLA's statutory rule-making authority (*see, Matter of Hodge Pub v New York State Liq. Auth.*, 215 AD2d 35, 39-41; *cf., Jay-Jay Cabaret v State of New York*, 215 AD2d 172, *lv denied* 87 NY2d 802, *rearg denied* 87 NY2d 918). Additionally, SLA's determination that petitioner violated 9 NYCRR 53.1 (s) is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180), and the penalty imposed is not shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233-234). Consequently, we reverse the judgment and dismiss the petition. (Appeal from Judgment of Supreme Court, Monroe County, Frazee, J.—CPLR art 78.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.