■ In the Matter of CANTINA EL BUKIS CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [846 NYS2d 640]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the New York State Liquor Authority, dated December 7, 2005, which, after a hearing, sustained charges that the petitioner had violated Alcoholic Beverage Control Law § 106 (6) and certain rules of the New York State Liquor Authority, revoked the petitioner's liquor license, and imposed a $1,000 bond forfeiture.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination of the New York State Liquor Authority is supported by substantial evidence and must be confirmed (*see Matter of Vanda Hodge Pub v New York State Liq. Auth.*, 215 AD2d 35, 41-42 [1995]; *Matter of Richmond Gentlemen v State of New York Liq. Auth.*, 106 AD2d 506 [1984]; *Matter of Tim Rob Bar v New York State Liq. Auth.*, 50 AD2d 802 [1975]; *see generally* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Moreover, assuming that the entrapment defense was asserted at the administrative hearing, the petitioner did not establish the merits of the defense. The conduct of the investigating detectives of the New Rochelle Police Department did not encourage illegal activity (*see Matter of Kaminski v Casale*, 244 AD2d 555 [1997]; *Matter*

*of L & R Wines & Liqs. v New York State Liq. Auth.*, 174 AD2d 570, 571 [1991]; *Matter of Viloria v Sobol*, 152 AD2d 92, 95 [1989]). Even if the allegations of the petitioner regarding the involvement of the "Bronx police" were true, those officers, at best, merely afforded the petitioner an opportunity to commit the offense (*see Matter of Kaminski v Casale*, 244 AD2d at 555; *Matter of L & R Wines & Liqs. v New York State Liq. Auth.*, 174 AD2d 570 [1991]; *Matter of Viloria v Sobol*, 152 AD2d at 92).

The penalty of revocation of the petitioner's license and imposition of a $1,000 bond forfeiture is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Couples at V.I.P. v New York State Liq. Auth.*, 272 AD2d 615, 615-616 [2000]; *Matter of Vanda Hodge Pub v New York State Liq. Auth.*, 215 AD2d at 35; *Matter of Aulcalf, Inc. v New York State Liq. Auth.*, 193 AD2d 415 [1993]; *Matter of Richmond Gentlemen v State of New York Liq. Auth.*, 106 AD2d at 506; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

The petitioner's remaining contention is without merit. Goldstein, J.P., Skelos, Fisher and Dillon, JJ., concur.