■ In the Matter of SHADY AL's SPORTS BAR CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [886 NYS2d 887]—

Determination of respondent, dated February 11, 2009, which revoked petitioner's liquor license and directed forfeiture of its $1,000 bond, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Walter B. Tolub, J.], entered on or about March 16, 2009), dismissed, without costs.

The determination sustaining the charges of suffering or permitting the premises to become disorderly, in violation of Alcoholic Beverage Control Law § 106 (6), and failing to exercise adequate supervision, in violation of Rules of the State Liquor Authority (9 NYCRR) § 48.2, was supported by substantial evidence. The record indicates that petitioner's management was aware, or should have been aware, that lewd and indecent acts and prostitution were occurring on its premises (see Matter of Go W. Entertainment, Inc. v New York State Liq. Auth., 54 AD3d 609 [2008]; Matter of Aulcalf, Inc. v New York State Liq. Auth., 193 AD2d 415 [1993], lv denied 82 NY2d 653 [1993]).

The penalty imposed does not shock our sense of fairness (see e.g. Go W. Entertainment, Inc., 54 AD3d at 609; Matter of Couples at V.I.P. v New York State Liq. Auth., 272 AD2d 615 [2000]). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.