Matter of Ye Trading NY, Inc. v New York State Liq. Auth. (2024 NY Slip Op 04146)

Matter of Ye Trading NY, Inc. v New York State Liq. Auth.

2024 NY Slip Op 04146

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-08240
 (Index No. 602141/22)

[*1]In the Matter of Ye Trading NY, Inc., etc., appellant,
v
New York State Liquor Authority, respondent.

Marcote & Associates, P.C., Hicksville, NY (Louis F. Chisari of counsel), for appellant.
Shannon Kearney Sarfoh, Albany, NY (Mark D. Frering and Lawrence Schwartz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated February 5, 2022, as, upon adopting the findings of an administrative law judge dated December 3, 2021, made after a hearing, sustained certain charges against the petitioner, canceled the petitioner's liquor license, and imposed a $1,000 bond claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 19, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Willis v New York State Liq. Auth., 118 AD3d 1013, 1013-1014 [internal quotation marks omitted]). "Substantial evidence is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (id. at 1014, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). In reviewing the penalty imposed by the respondent, the penalty need only be "not so disproportionate to the offenses as to be shocking to one's sense of fairness" (Matter of Cantina El Bukis Corp. v New York State Liq. Auth., 46 AD3d 557, 558).
Here, contrary to the petitioner's contention, the respondent's determination sustaining six charges that the petitioner violated Alcoholic Beverage Control Law §§ 102(3-b) and 105(12) was supported by substantial evidence in the form of the investigator's report and the exhibits thereto (see Matter of Willis v New York State Liq. Auth., 118 AD3d at 1013). The petitioner offered no evidence to controvert the respondent's showing.
Further, the penalty imposed by the respondent was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Cantina El Bukis Corp. v New York State Liq. Auth., 46 AD3d at 558).
The petitioner's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court